# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

ROBERT E. WOODWARD,                                                                                          PLAINTIFF
ADC #166447

v.                                    5:19-cv-00027-KGB-JJV

JAMES GIBSON, Warden; and
SIMPSON, Sergeant, Varner Unit, ADC                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the

form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

Robert E. Woodward ("Plaintiff") is a convicted prisoner in the Arkansas Department of Correction ("ADC"). Since December 18, 2018, he has filed thirteen *pro se* § 1983 actions in the Eastern District of Arkansas. After careful review of Plaintiff's most recently filed Complaint, I find it should be dismissed without prejudice as frivolous and failing to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff is confined in the Varner Super Max Unit, which "houses ADC's most incorrigible inmates" who pose a threat to themselves or others. *Roddy v. Banks*, No. 03-3735, 2005 WL 433404 (8th Cir. Feb. 25, 2005) (unpublished decision). He alleges Defendants Warden James Gibson and Sergeant Simpson are violating his constitutional rights by not providing him with a nail clipper or trimming his nails regularly. (Doc. No. 2.) By way of relief, Plaintiff seeks $612,000 in compensatory and punitive damages. (*Id*. at 6.)

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Thus, to plead a viable Eighth Amendment claim, a prisoner must allege facts suggesting: (1) objectively, the deprivation constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Kulkay v. Roy*, 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cty.*, 607 F.3d 543, 548-49 (8th Cir. 2010).

3

Plaintiff, who is being held in the VSM for security reasons, admits he is able to "chew off" his nails or "rub them" down on his concrete desk. (Doc. No. 2 at 4.) Further, nothing in the Complaint suggests he is enduring an "extreme deprivation" constituting a "substantial risk" to his health or safety. *See also Wilson v. Seiter*, 501 U.S. 294, 305 (1991) (defining an objectively serious condition as "the deprivation of a single, identifiable human need such as food, warmth, or exercise"). Accordingly, I recommend this case be dismissed without prejudice as being frivolous and failing to state a claim upon which relief may be granted.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice as being frivolous and failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 24th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE